UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADAM C. FARNEY,

    Plaintiff,

v.                                  Case No. 3:24cv190-TKW-HTC

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Adam Farney, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended complaint. Doc. 28. After reviewing the second amended complaint, the undersigned concludes this case should be dismissed without prejudice due to Farney's failure to comply with an order of the Court.

I.    **Background**

Farney commenced this action on April 24, 2024, by mailing a handwritten document titled "Formal Complaint" to the Court which complained about access to the prison law library. Doc. 1. Because the complaint was not filed on this Court's required complaint form, Farney was ordered to file an amended complaint on the civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. *See* Doc. 3 (citing N.D. Fla. Loc. R. 5.7(A) (stating: (1) a *pro se* litigant must file a

civil rights complaint on the Court's standard form; and (2) the Court need not—and ordinarily will not—consider a complaint not filed on the proper form)).

Farney then submitted a series of documents, including ones questioning whether this action was properly characterized as a civil rights case (Doc. 4) and whether it should be pursued in state rather than federal court (Doc. 9).[1] Eventually, Farney submitted an amended complaint on the required civil rights complaint form. Doc. 12.

The Court then screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and determined it failed to state a claim on which relief may be granted. Doc. 18. Among other things, the Court noted in its June 7, 2024, Order that the amended complaint violated Fed. R. Civ. P. 20(a)(2) because it brought unrelated claims against multiple defendants.[2] *Id.* at 2. Despite these

---

[1] Indeed, the Court directed the clerk to close this case on May 29 (Doc. 11), after Farney asked the Court to transfer his case to state court or grant a voluntary dismissal, so he could bring his claims in the proper court (Doc. 9). However, Farney subsequently filed a motion to reopen the case (Doc. 15), which the Court granted (Doc. 17).

[2] The Court also noted the amended complaint: (1) failed to state an access to the courts claim because it did not describe how Farney had been prevented from pursuing a nonfrivolous post-conviction claim or civil rights action; (2) failed to state an equal protection claim because he did not specify what form the discrimination took or how he was treated differently from other similarly situated inmates; (3) could not establish a constitutional violation based on verbal abuse; (4) failed to state a retaliation claim because he had not alleged he was denied due process during his disciplinary proceedings and had not alleged causation; (5) failed to clearly identify which claims he was bringing against which Defendants; and (6) brought state law tort claims the Court would decline to exercise supplemental jurisdiction over in the absence of a viable federal claim. Doc. 18 at 2-4. In addition, the Court noted Farney had filed an "Addendum" which sought to add factual allegations to the amended complaint but advised him he could not amend a complaint in a piecemeal fashion or supplement a complaint through separately filed addendums. *Id.* at 4.

deficiencies, the Court gave Farney an opportunity to file a second amended complaint "on this Court's required form and consistent with this Order." *Id.* at 5.

Farney has now filed a second amended complaint. Doc. 28. However, the second amended complaint fails to comply with the Court's June 7 Order and, thus, this case should be dismissed without prejudice.

## II. Discussion

"The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted); *see also Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("Rule 41(b) makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules.") (citing Fed. R. Civ. P. 41(b)). In addition, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citation omitted).

Here, Farney's second amended complaint fails to comply with the Court's June 7 Order in at least two respects. First, while the first page of the second amended complaint is on this Court's civil rights complaint form, the remainder of the complaint is not. In its May 7 Order, the Court advised Farney that under N.D. Fla. Loc. R. 5.7(a): (1) a *pro se* litigant must file a civil rights complaint on the

Court's standard form; and (2) the Court need not—and ordinarily will not—consider a complaint not filed on the proper form. And the Court's June 7 Order specifically instructed Farney that, if he filed a second amended complaint, it must be submitted on the required Court form. Farney, however, did not submit his second amended complaint on the form.

Second, the Court's June 7 Order advised Farney that, under Fed. R. Civ. P. 20(a)(2), he could not bring unrelated claims against multiple defendants in the same case. *See Powell v. Harris*, 628 F. App'x 679, 680 (11th Cir. 2015) ("The district court can sua sponte require a plaintiff to plead a case in accordance with the Federal Rules of Civil Procedure."). And the Court's standard civil rights complaint form, which Farney used to submit his prior amended complaint, specifically tells litigants that "facts not related to this same incident or issue must be addressed in a separate civil rights complaint." Doc. 12 at 5. Nevertheless, Farney ignored these directives when submitting his second amended complaint.

Indeed, the second amended complaint names at least 27 different defendants (Doc. 28 at 3-4),[3] and includes: (1) claims related to how grievances are processed;[4]

---

[3] Farney attempts to justify the inclusion of these different claims in one case by suggesting they implicate the doctrine of respondeat superior or vicarious liability. Doc. 28 at 2. However, this contention is meritless because "[s]upervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." *Hardin v. Hayes*, 957 F.2d 845, 849 (11th Cir. 1992) (citations omitted).

[4] An inmate cannot state either a due process claim or a retaliation claim based on the handling of a grievance. *See Gaffney v. Warden, Taylor Corr. Inst.*, 2022 WL 18381, at *5 n.2 (11th Cir. Jan. 3, 2022) ("[B]ecause 'a prison grievance procedure does not provide an inmate with a

(2) multiple unrelated retaliation claims; (3) due process claims related to disciplinary proceedings; (4) an equal protection claim based on discrimination against Buddhists; (5) a claim related to being denied meals, toilet paper, and other necessities while on self-harm observation status; (6) an assault or excessive force claim; (7) a claim related to the nutritional content and portion sizes of the food served; (8) a claim related to the clothing and bedding he received; and (9) a claim related to violations of various regulations, including regulations about grievances, religious services, laundry services, banking, and the law library. These claims, which occurred over a span of more than a year, do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" and no "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Because Farney's second amended complaint fails to comply with the Court's June 7 Order, this case should be dismissed without prejudice. *See Powell*, 628 F. App'x at 680-81 (holding district court did not abuse its discretion by dismissing case without prejudice for the plaintiff's noncompliance with the court's instructions to file a proper complaint); *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x

---

constitutionally protected interest,' [an inmate] could not show that [prison officials] denied him due process of law merely by denying his formal grievance or otherwise violating those procedures.") (quoting *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011)); *Gaston v. Lake Cty.*, 2023 WL 9287506, at *8 (M.D. Fla. Jan. 4, 2023) ("[T]he rejection of a grievance is not an actionable adverse action for retaliation purposes.").

859, 860 (11th Cir. 2010) ("district court did not abuse its discretion in dismissing [*pro se* prisoner's] case without prejudice because [he] failed to comply with the magistrate's order to comply with Rule 20(a) when he did not show that the claims against the defendants arose out of the same transaction, occurrence, or series of transactions or occurrences"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (concluding "district court did not abuse its discretion when it dismissed Plaintiff's complaint for noncompliance with Federal Rule of Civil Procedure 20(a)"); *see also Logan v. Godwin*, 2023 WL 5528912, at *2 (11th Cir. Aug. 28, 2023) ("Ordinarily, a dismissal *without prejudice* for failure to comply with a court order is not an abuse of discretion.") (emphasis in original).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Farney's failure to comply with the Court's June 7 Order.

2. That all pending motions be terminated as MOOT.

3. That the clerk close the file.

At Pensacola, Florida, this 12th day of July, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.