UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADAM C. FARNEY,
    Plaintiff,

vs.                                                     Case No.: 3:24cv190-TKW-HTC

STATE OF FLORIDA,
DEPARTMENT OF
CORRECTIONS
    Defendant.
_____/

## **ORDER**

This case is before the Court based on the two Reports and Recommendation (R&Rs) issued by the magistrate judge. The first R&R (Doc. 25) recommended denial of Plaintiff's motion for injunctive relief. The second R&R (Doc. 33) recommended dismissal of this case based on Plaintiff's failure to comply with a court order. Plaintiff filed an objection (Doc.36) to the second R&R, but he did not object to the first R&R.

The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed. The Court also agrees with the magistrate judge's unobjected-to determination that Plaintiff's motion for injunction relief should be denied.

The Court did not overlook that Plaintiff filed a proposed "second [actually, third] amended complaint" with his objection. *See* Doc. 35. That filing addresses one of the deficiencies identified by the magistrate judge in that it is entirely on the civil rights complaint form, and it also appears to be focused on fewer claims and defendants that the prior iterations of the complaint. However, it does not cure all of the deficiencies identified by the magistrate judge and it was filed well after the deadline established by the magistrate judge in any event. Thus, the proposed "second [actually, third] amended complaint" does not undermine the magistrate judge's determination that this case should be dismissed for failure to comply with a court order.

The Court also did not overlook that the objection "seeks the court to allow an additional amendment under Rule 15(a)(2)." Doc. 36 at 1. That rule requires that leave to amend should be "freely give[n] when justice so requires," but the Court can deny leave to amend if the plaintiff has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, as detailed in the second R&R (and confirmed by the docket), Plaintiff has repeatedly failed to cure the deficiencies in the amended complaints allowed by the magistrate judge and his belated proposed "second [actually, third] amended complaint" still does not cure all of those deficiencies. Thus, leave to amend will be denied.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's R&Rs are adopted and incorporated by reference in this Order.

2. Plaintiff's motion for injunctive relief (Doc. 23) is **DENIED**.

3. This case is **DISMISSED without prejudice** for failure to comply with a court order.

4. All pending motions are **DENIED as moot**.

5. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 26th day of July, 2024.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**